**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-57-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| NATASHA LOUISE RADASA, | |
| Defendant. | |

## I. Synopsis

Defendant Natasha Louise Radasa (Radasa) has been accused of violating

the conditions of her supervised release. Radasa admitted all of the alleged

violations, except alleged violation 1. The Court dismissed alleged violation 1 on

the government's motion. Radasa's supervised release should be revoked. Radasa

should be placed in custody for 2 months, with 34 months of supervised release to

follow. The supervised release conditions imposed previously should be

continued. Radasa should be allowed to request an early termination of supervised

release if she successfully completes 12 continuous months of supervised release

without any violations.

## II. Status

Radasa pleaded guilty on November 12, 2015, to Conspiracy to Possess

Methamphetamine with Intent to Distribute. (Doc. 24). The Court sentenced

Radasa to 48 months of custody, followed by 3 years of supervised release.

(Doc. 32). Radasa's current term of supervised release began on March 9, 2018.

(Doc. 40 at 1).

**Petition**

The United States Probation Office filed a Petition on January 2, 2020,

2019, requesting that the Court revoke Radasa's supervised release. (Doc. 45).

The Petition alleged that Radasa violated the conditions of her supervised release:

1) by committing another crime; 2) by failing to notify her probation officer of a

contact with law enforcement; and 3) by failing to notify her probation officer of a

change in employment status.

**Initial appearance**

Radasa appeared before the undersigned for her initial appearance on

January 9, 2020. Radasa was represented by counsel. Radasa stated that she had

read the petition and that she understood the allegations. Radasa waived her right

to a preliminary hearing. The parties consented to proceed with the revocation

hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 9, 2020. Radasa

admitted that she had violated the conditions of his supervised release: 1) by failing to notify her probation officer of a contact with law enforcement; and 2) by failing to notify her probation officer of a change in employment status. Radasa did not admit or deny alleged violation 1. The Court dismissed alleged violation 1 on the government's motion. The violations that Radasa admitted are serious and warrant revocation of her supervised release.

Radasa's violations are Grade C violations. Radasa's criminal history category is II. Radasa's underlying offense is a Class C felony. Radasa could be incarcerated for up to 24 months. Radasa could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

## III. Analysis

Radasa's supervised release should be revoked. Radasa should be incarcerated for 2 months, with 34 months of supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Radasa that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Radasa of

3

her right to object to these Findings and Recommendations within 14 days of their

issuance. The Court explained to Radasa that Judge Morris would consider a

timely objection before making a final determination on whether to revoke her

supervised release and what, if any, sanction to impose. Radasa stated that she

wished to waive her right to object to these Findings and Recommendations, and

that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Natasha Louise Radasa violated the conditions of her supervised
> release: by failing to notify her probation officer of a contact with law
> enforcement; and by failing to notify her probation officer of a change in
> employment status.

The Court **RECOMMENDS:**

> That the District Court revoke Radasa's supervised release and
> commit her to the custody of the United States Bureau of Prisons for
> 2 months, with 34 months of supervised release to follow. The
> supervised release conditions imposed previously should be
> continued. Radasa should be allowed to request an early termination
> of supervised release if she successfully completes 12 continuous
> months of supervised release without any violations.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de

4

novo determination regarding any portion of the Findings and Recommendations

to which objection is made. The district court judge may accept, reject, or modify,

in whole or in part, the Findings and Recommendations. Failure to timely file

written objections may bar a de novo determination by the district court judge, and

may waive the right to appear and allocute a district court judge.

DATED this 13th day of January, 2020.

John Johnston
United States Magistrate Judge