# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-57-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| NATASHA LOUISE RADASA, | |
| Defendant. | |

## I. Synopsis

Defendant Natasha Louise Radasa (Radasa) has been accused of violating the conditions of her supervised release. Radasa admitted the alleged violation. Radasa's supervised release should be revoked. Radasa should be placed in custody for 6 months, with 25 months of supervised release to follow.

## II. Status

Radasa pleaded guilty on November 12, 2015, to Conspiracy to Possess Methamphetamine with Intent to Distribute. (Doc. 24). The Court sentenced Radasa to 48 months of custody, followed by 3 years of supervised release. (Doc. 32). Radasa's current term of supervised release began on August 27, 2020. (Doc. 70 at 2).

**Petition**

The United States Probation Office filed a Petition on September 9, 2020, requesting that the Court revoke Radasa's supervised release. (Doc. 70). The Petition alleges that Radasa violated the conditions of her supervised release by failing to report to her probation officer within 72 hours of her release from prison.

**Initial appearance**

Radasa appeared before the undersigned for her initial appearance on March 16, 2021. Radasa was represented by counsel. Radasa stated that she had read the petition and that she understood the allegations. Radasa waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 16, 2021. Radasa admitted that she had violated the conditions of his supervised release by failing to report to her probation officer within 72 hours of her release from prison. The violation is serious and warrants revocation of Radasa's supervised release.

Radasa's violation is a Grade C violation. Radasa's criminal history category is II. Radasa's underlying offense is a Class C felony. Radasa could be incarcerated for up to 24 months. Radasa could be ordered to remain on

supervised release for up to 31 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Radasa's supervised release should be revoked.  Radasa should be incarcerated for 6 months, with 25 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Radasa that the above sentence would be recommended to United States District Judge Brian Morris.  The Court also informed Radasa of her right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Radasa that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.  Radasa stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Natasha Louise Radasa violated the conditions of her supervised release by failing to report to her probation officer within 72 hours of her release from prison.

3

The Court **RECOMMENDS:**

> That the District Court revoke Radasa's supervised release and
> commit her to the custody of the United States Bureau of Prisons for
> 6 months, with 25 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district court judge will make a de

novo determination regarding any portion of the Findings and Recommendations

to which objection is made.  The district court judge may accept, reject, or modify,

in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district court judge, and

may waive the right to appear and allocute a district court judge.

DATED this 17th day of March, 2021.

John Johnston
United States Magistrate Judge

4